IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| THOMAS M. BRADDY, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:10cv401 |
| WARDEN FOX | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Thomas M. Braddy, Jr., an inmate confined in the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

On October 1, 2007, in the United States District Court for the Eastern District of Virginia, pursuant to a written plea agreement, petitioner was convicted of Bank Fraud Conspiracy, in violation of 18 U.S.C. § 1349; Aggravated Identity Theft, in violation of 18 U.S.C. § 1028(a) and (2); and Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(A) and (B)(i) and (ii). Petitioner was sentenced to a term of 124 months imprisonment. Petitioner did not appeal his conviction or sentence.

On December 22, 2008, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion was denied by the district court on February 19, 2009. Petitioner filed a motion for authorization to consider a second or successive application pursuant to 28 U.S.C. § 2244 which was denied on August 20, 2009.

## The Petition

Petitioner brings this petition asserting he is innocent of charges against him. Petitioner raises the following grounds for review: (1) he was denied effective assistance of counsel, (2) he is factually innocent of money laundering, (3) he is factually innocent of the enhancement to his

sentence based on criminal history points, (4) breach of contract by the Government, and (5) third party interference by the court in the performance by the Government.

## The Response

The respondent has filed a response to the court's order to show cause why relief should not be granted. The respondent contends petitioner was not convicted of a nonexistent offense; therefore, he is not eligible to proceed under the savings clause of § 2255. The respondent asserts that the holding is *United States v. Santos*, 553 U.S. 507 (2008), does not apply in this case. Thus, the respondent contends that the petition should be denied.

## Analysis

Petitioner is not challenging the manner in which his sentence is being executed. Instead, he attacks the legality of his conviction and sentence. Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). As petitioner attacks the legality of his conviction and sentence, his petition should be construed as a motion to vacate, set aside or correct sentence. However, petitioner was convicted in the United States District Court for the Eastern District of Virginia; thus, this court lacks jurisdiction to entertain a § 2255 motion.

Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver*, 211 F.3d at 877. A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion. *Id.* at 877-78. However, there is one exception to this general rule. A prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Petitioner seeks to raise his claims under the savings clause of § 2255.

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and the burden of coming forward with

evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001). A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 878.

The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with § 2255's savings clause. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). In *Reyes-Requena*, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id*. at 904.

Petitioner's only claim that possibly falls under the savings clause of § 2255 is his claim of innocence regarding his money laundering conviction. Petitioner's claim is based, in part, on the recent Supreme Court holding in *Santos*, 553 U.S. 507. In *Garland v. Roy*, 615 F.3d 391, 393 (5th Cir. 2010), the Fifth Circuit held *Santos* applies retroactively.[1] Thus, the claim will be examined below. Petitioner's remaining claims, however, are not based on a retroactively applicable Supreme Court decision and this court is without jurisdiction to consider the claims. Further, the claims are barred by limitations, and even if the court had jurisdiction to consider the claims, petitioner failed to obtain authorization for the court to consider such claims because this is a second or successive petition.

With respect to petitioner's conviction for money laundering, petitioner entered a plea of guilty to Count 41 of the Indictment against him. A review of the factual basis for the plea reveals that petitioner obtained a cashiers check for $9,000 made out in the name of Richard Byers while falsely using the name of Kirk Wooster; however, petitioner's attempt to negotiate the instrument

---

[1] The respondent contends petitioner's claims were not foreclosed by circuit law at the time of his trial, appeal or first Section 2255 motion. For the purposes of this memorandum, however, the court assumes without deciding that the claims were foreclosed to petitioner prior to *Santos*.

while posing as Byers was unsuccessful. *See United States v. Braddy*, 4:07cr48 (E.D. Va. Oct. 5, 2007) (docket entry no. 23, Summary of Facts).

In order to convict a defendant for the offense of money laundering under Title 18 U.S.C. § 1956(a)(1)(B)(i), as petitioner was, "the government must prove that the defendant: (1) conducted or attempted to conduct a financial transaction, (2) which the defendant knew involved the proceeds of unlawful activity, and (3) which the defendant knew was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity." *United States v. Burns*, 162 F.3d 840, 847 (5th Cir. 1998). This case involves distinct money laundering activities in which petitioner fraudulently obtained a cashier's check while posing as another person which he attempted to negotiate while posing as a third person; however, petitioner's attempt to complete the transaction failed. Thus, the government established all of the requisite elements for money laundering. Accordingly, petitioner has failed to show a miscarriage of justice as to his conviction unless a change in the law has rendered his offense of conviction to be nonexistent.

The *Santos* decision changed the manner in which "proceeds" may be defined. In *Santos*, the unlawful activity that generated laundered money was an illegal gambling operation, and the money laundering convictions were based on payments to runners, collectors and winners. The convicting trial court granted a § 2255 motion and vacated the money laundering conviction. Relying on Seventh Circuit precedent,[2] the trial court concluded that "proceeds" must be defined as "profits," not receipts." *United States v. Santos*, 342 F.Supp.2d 781, 788-89 (N.D. Ind. Oct. 2004). Because no evidence showed that the financial transactions at issue were conducted with profits, the prosecution failed to prove the essential elements of the offense. *Id.*

The Seventh Circuit Court of Appeals affirmed the conviction, but acknowledged that other circuits differed in their understanding of the meaning of "proceeds." *United States v. Santos*, 461 F.3d 886, 891-92 (7th Cir. 2006). The court also observed that only Congress or the Supreme Court

---

[2] *United States v. Scialabba*, 282 F.3d 475 (7th Cir. 2002).

could resolve the debate over the ambiguous term. *Id.* At 894. The United States petitioned for a writ of certiorari, and certiorari was granted to resolve a conflict between the circuits. *See United Sates v. Santos*, 550 U.S. 902 (2007).

The Supreme Court ultimately affirmed the Seventh Circuit's judgment, but a majority of the justices did not agree on how "proceeds" should be defined. A plurality of four justices found no evidence of congressional intent to define "proceeds" as either "receipts" or "profits." *Santos*, 553 U.S. at 513-14. Under the rule of lenity, the plurality found that "proceeds" should be defined as "profits" because that definition is always more defendant-friendly than the "receipts" definition. *Id*. At 514. An equal number of justices disagreed. The ninth justice, Justice Stevens, concurred in the disposition, but not the underlying reasoning, advocated by the plurality. Justice Stevens's concurrence created a five-member majority for affirming the Seventh Circuit. Thus, the Seventh Circuit's judgment granting the § 2255 motion was affirmed.

*Santos* did not resolve the question as to whether the federal money laundering statute's term "proceeds" must be defined uniformly as "profits" or "receipts." Justice Stevens, who cast the deciding vote to affirm, agreed with the plurality that no legislative history indicated congressional intent to define "proceeds" as receipts when the predicate offense was a stand-alone gambling venture. *Id*. at 526 (Stevens, J., concurring). He also concluded that in the contest of illegal gambling, common sense and the rule of lenity dictated a "profits" definition. Justice Stevens stated:

> Faced with both a lack of legislative history speaking to the definition of "proceeds" when operating a gambling business is the "specified unlawful activity" and my conviction that Congress could not have intended the perverse result that would obtain in this case under [a receipts definition], the rule of lenity may weigh in the determination. And in that respect the plurailty's opinion is surely persuasive. Accordingly, I concur in the judgment.

5

*Id*. at 528. This language in Justice Stevens's concurrence prompted Justice Scalia, author of the plurality opinion, to observe that the Court's holding was limited to the narrow finding that "proceeds" means "profits" in the absence of legislative history to the contrary. *Id*. at 523.[3]

The Fifth Circuit has concluded that Justice Stevens's concurrence requires a bifurcated analysis. *Garland v. Roy*, 615 F.3d 391, 401 (5th Cir. 2010). First, the court must determine whether defining "proceeds" as "receipts" would merge the underlying illegal activity with the money laundering charge. *Wilson v. Roy*, 643 F.3d 433, 436 (5th Cir. 2011). Second, if there is not a merger problem, the court must examine the legislative history to determine whether "proceeds" should be defined as "profits" in a particular case. *Id*. The default presumption is that "proceeds" should be defined as "gross receipts," unless the legislative history affirmatively supports defining "proceeds" as "profits." *Garland*, 615 F.3d at 401.

The merger problem occurs if the underlying illegal activities also constitute money laundering when the offenses involved transactions in which gross receipts were passed on to another person. *Wilson*, 643 F.3d at 435-36. The Fifth Circuit described the merger problem in *Santos* as follows:

> Santos' payments to his employees and the lottery winners could not serve as the basis for money laundering charges, because the monies involved in those payments were not profits but merely receipts necessary to paying his expenses. The plurality noted that the alternative position, the position that "proceeds" means receipts, runs into a significant "merger problem," because many crimes, such as the one at issue in *Santos*, would almost always support money laundering charges without requiring proof of any distinct laundering activities. This would give prosecutors an extremely powerful and probably unintended tool to bring much more severe charges than would otherwise be available for the underlying offenses.

*United States v. Brown*, 553 F.3d 768, 783 (5th Cir. 2008).

Here, whether considered gross receipts or profits, the underlying transaction did not involve funds which were passed to another person. Further, this case, unlike *Santos*, involved distinct laundering activities by petitioner and not the payment of funds to another person for operating

---

[3] Both Justice Stevens (the concurring justice) and Justice Alito (author of the dissenting opinion of four justices) quarreled with Justice Scalia's characterization of the *stare decisis* effect. However, no justice disputed Justice Scalia's statement that the court's judgment was limited to the narrow ground on which Justice Stevens concurred.

expenses. Petitioner's claim does not amount to a claim that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Accordingly, petitioner does not meet the criteria required to support a claim under the savings clause of § 2255. Thus, the petition should be denied.

## ORDER

For the reasons set forth above, petitioner's claims are without merit and should be denied. Accordingly, this petition for writ of habeas corpus should be denied. A final judgment will be entered denying the petition in accordance with this memorandum. A certificate of appealability shall not issue.

**SIGNED** this the **21** day of **September, 2011.**

_____
Thad Heartfield
United States District Judge