IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| THOMAS M. BRADDY, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:10cv401 |
| WARDEN FOX | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Thomas M. Braddy, Jr., an inmate confined in the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Discussion

On October 1, 2007, in the United States District Court for the Eastern District of Virginia, pursuant to a written plea agreement, petitioner was convicted of Bank Fraud Conspiracy, in violation of 18 U.S.C. § 1349; Aggravated Identity Theft, in violation of 18 U.S.C. § 1028(a) and (2); and Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(A) and (B)(i) and (ii). Petitioner was sentenced to a term of 124 months' imprisonment. Petitioner did not appeal his conviction or sentence.

On December 22, 2008, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion was denied by the district court on February 19, 2009. Petitioner filed a motion for authorization to consider a second or successive application pursuant to 28 U.S.C. § 2244 which was denied on August 20, 2009.

The Petition

Petitioner brings this petition asserting he is innocent of charges against him. Petitioner raises the following grounds for review: (1) he was denied effective assistance of counsel, (2) he is factually innocent of money laundering, (3) he is factually innocent of the enhancement to his

sentence based on criminal history points, (4) breach of contract by the Government, and (5) third party interference by the court in the performance by the Government.

## Prior Proceedings

The above-styled petition was dismissed on September 21, 2011 after the court found petitioner's petition did not meet the criteria required to support a claim under the savings clause of § 2255. On appeal, the Fifth Circuit determined that this court did not address petitioner's challenge concerning "the Government's alleged breach of its plea agreement in allegedly placing him in close prison confines with co-defendants." *Brady v. Fox*, No. 11-41062, at *3 (5th Cir. May 17, 2012). Accordingly, the Fifth Circuit vacated the dismissal of petitioner's "claims to the extent only as to his claim that his plea agreement was breached by housing him in close proximity to co-defendants" and remanded such claim to this court for consideration. *Id.* The dismissal was affirmed in all other respects. *Id.*, at *3-*4.

## Analysis

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver*, 211 F.3d at 877. An allegation of a breached plea agreement raises a constitutional issue that is cognizable in a § 2255 motion. *See United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992).

In the only claim now before the court, petitioner claims a breach of contract concerning the plea agreement, asserting that while he was assigned to a prison camp in Atlanta, Georgia on January 15, 2010, the supervisor of the conspiracy which formed part of petitioner's underlying conviction was assigned to the same prison camp as petitioner. *See* Docket Entry #1, Petition at 37. Petitioner claims this violated the government's obligation under the plea agreement, "as understood by the

petitioner," to keep the parties separated. *Id*. at 37-38. Thus, petitioner claims the contract lacked adequate consideration. *Id*. at 38-39.

Petitioner's claim in this petition contests the legality of his conviction and confinement, not the execution of his sentence, because he is seeking to void the plea agreement and be released instead of seeking specific performance. *See Nichols v. Symmes*, 553 F.3d 647, 649-50 (8th Cir. 2009); *Peak v. Petrovsky*, 734 F.2d 402, 405 n.6 (8th Cir. 1984). Thus, as previously determined, because petitioner attacks the legality of his conviction and sentence, his petition should be construed as a motion to vacate, set aside or correct sentence. However, petitioner was convicted in the United States District Court for the Eastern District of Virginia; thus, this court lacks jurisdiction to entertain a § 2255 motion.

A prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. In his petition, petitioner seeks to raise his claims under the savings clause of § 2255. However, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001).

Here, petitioner could have raised his claims within one year of the alleged breach of the plea agreement based on the factual predicate of the claim not being discoverable until the date on which his co-defendant was assigned to the same prison unit, January 15, 2010. *See* 28 U.S.C. § 2255(f)(4). Petitioner has failed to put forth any evidence to show the inadequacy or ineffectiveness of a motion under § 2255. Further, a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 878.

The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with § 2255's savings clause. *See*

*Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). In *Reyes-Requena*, the Fifth Circuit held that the savings clause of § 2255 applies to a claim (1) "that is based on a retroactively applicable Supreme Court decision"; (2) that was "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"; and (3) that the retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense." *Id*. at 904.

Petitioner's claim, however, is not based on a retroactively applicable Supreme Court decision and, as previously determined, this court is without jurisdiction to consider the claim. Petitioner's claim does not amount to a claim that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Accordingly, petitioner does not meet the criteria required to support a claim under the savings clause of § 2255.

Further, any claim as to being improperly housed at the same facility as a co-defendant is moot because petitioner had been moved from the Atlanta facility to the United States Penitentiary in Beaumont, Texas before he filed this petition, and he has since been moved again to a different facility. Thus, even if petitioner wants the court to consider his petition as a § 2241 execution of sentence claim, the case is moot because the alleged defect in the execution of the sentence has been cured. *See Nichols*, 553 F.3d at 650. Thus, the petition should be denied.

### ORDER

For the reasons set forth above, petitioner's claim is without merit and should be denied. Accordingly, this petition for writ of habeas corpus should be denied. A final judgment will be entered denying the petition in accordance with this memorandum.

**SIGNED** this the 17 day of **October, 2012.**

---
Thad Heartfield
United States District Judge